FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 22 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VIRGINIA BEACH MUSIC, CARTER BOYS PUBLISHING, JOBETE MUSIC CO., INC., EMI APRIL MUSIC, BIG POPPA MUSIC and BOVINA MUSIC, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 1:05-CV-2184-ODE |
| v. | ) ) | |
| JPE, INC. and EXPEDITO MARMOL, | ) ) ) | |
| Defendants. | ) ) | |

## CONSENT ORDER AND AGREEMENT

The complaint in the above-captioned action was filed on August 22, 2005, and the Defendants JPE, Inc. and Expedito Marmol ("Defendants") were properly served on August 26, 2005. Defendants now hereby agree that the Court may find: (1) that Plaintiffs were, on the dates alleged on Schedule "A" to the complaint, the respective owners of valid copyrights in the songs listed on Schedule "A" to the complaint; (2) that Plaintiffs' songs were performed publicly by Defendants at The Spot, located at 8514 Highway 85, #12, Jonesboro, Georgia 30238 (the "Establishment"), without

LIT\920377.1

permission of the Plaintiffs or license from their performing rights licensing organization, the American Society of Composers, Authors and Publishers ("ASCAP"); (3) that such performances of Plaintiffs' copyrighted songs were willful infringements of Plaintiffs' copyrights; and (4) that there is a danger that such infringing conduct will continue, thereby causing irreparable injury to Plaintiffs for which damages cannot be accurately computed, and necessitating the granting of injunctive relief against Defendants' continued infringing conduct.

The parties having agreed that the Court shall enter judgment on the foregoing findings, it is therefore,

ORDERED, ADJUDGED AND DECREED:

1. Defendants are enjoined and restrained permanently from publicly performing or causing the public performance of any of the Plaintiffs' copyrighted musical compositions and all other compositions in the ASCAP repertory at the Establishment, or at any other facility owned, operated or conducted by Defendants, or any of them, and from aiding and abetting public performances of such compositions, unless Defendants shall have previously obtained permission for such performances either directly from the Plaintiffs, the copyright owners, or by license from ASCAP.

2. Defendants shall pay to Plaintiffs the sum of $10,500.00 ("the Judgment Amount"); provided, however, that this sum may be satisfied upon Defendants'

payment to ASCAP of $8,500.00 ("the Settlement Amount") in accordance with the schedule set forth below:

| Date Due | Installment Due |
| --- | --- |
| September 8, 2005 | $2,500.00 |
| October 1, 2005 | $1,000.00 |
| November 1, 2005 | $1,000.00 |
| December 1, 2005 | $1,000.00 |
| January 1, 2006 | $1,000.00 |
| February 1, 2006 | $1,000.00 |
| March 1, 2006 | $1,000.00 |

All payments to ASCAP pursuant to this Paragraph 2 shall be made by check payable to the American Society of Composers, Authors and Publishers ("ASCAP"), and sent to Joyce B. Klemmer, Esq. at Smith, Gambrell & Russell, LLP, Promenade II, Suite 3100, 1230 Peachtree Street, N.E., Atlanta, Georgia 30309-3592, on the due dates set forth above.

3. Contemporaneously with the execution of this Consent Judgment, ASCAP shall offer and Defendants shall accept and execute an ASCAP License Agreement for the Establishment for the term commencing January 1, 2005 ("License Agreement") at the current annual rate of $1,495.00, and Defendants agree that they

3

will comply with all of the terms and conditions of such License Agreement.

4. The 2005 annual license fee is included in the Settlement Amount or Judgment Amount. Defendants shall pay license fees commencing January 1, 2006, pursuant to the terms set forth in the License Agreement.

5. In the event that Defendants default in making any payments required by this Consent Judgment; or default in any other terms of this Consent Judgment; or default in any of the terms of the 2005 License Agreement; or in the event that either of the Defendants file for bankruptcy; or in the event that an application for sale, transfer or assignment of the Establishment is made, or any change of ownership therein occurs, Plaintiffs, may execute on this Consent Judgment for the Judgment Amount ($10,500.00), plus statutory interest from the date of this Consent Judgment, less any payments made by Defendants after the date of this Consent Judgment and pursuant to Paragraph 2 of the Consent Judgment.

6. By entry of this judgment, the parties have settled all claims and causes of action each has against the other arising out of the unauthorized nondramatic public performances of copyrighted musical compositions written and published by Plaintiffs and all other members of ASCAP at the Establishment for all periods through the date of this agreement.

SO ORDERED this 21 day of Sept, 2005.

LIT\920377.1

_____
ORINDA B. EVANS
UNITED STATES DISTRICT JUDGE

CONSENTED TO BY:

_____
Expedito Marmol

JPE, INC.

_____
Expedito Marmol, CEO

STATE OF GEORGIA    )
                    ) ss.
COUNTY OF CLAYTON)

Personally appeared before me, on the ___ day of _____, 2005, the undersigned authority in and for the aforesaid jurisdiction, Expedito Marmol, who acknowledged to me under oath that he is CEO with authority therefrom, and verifies the foregoing Consent Judgment; and that the facts stated therein are true and correct.

Sworn to and subscribed before me
this 16TH day of SEP, 2005.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES
My commission expires: _____ 8-4-2008

VIRGINIA BEACH MUSIC, et al.

By: s/Joyce B. Klemmer  *Joyce B. Klemmer*
Joyce B. Klemmer
Georgia Bar No. 425116
SMITH, GAMBRELL & RUSSELL, LLP
Promenade II, Suite 3100
1230 Peachtree Street
Atlanta, Georgia 30303
(404) 815-3500

Counsel for Plaintiffs

7